BRUINIERS, J.,
Concurring and Dissenting.—I share my colleagues’ views in all but one respect. I would not find that the trial court abused its discretion in admitting evidence of Gregory Jefferson’s legal possession of other firearms and affirm in all respects. I therefore respectfully dissent from the majority opinion to the extent that it holds otherwise.
The trial court, in finding the disputed evidence admissible, stated that it had “looked at the probative value versus prejudicial effect,” and that “[i]n this particular case it’s clear the connection between the weapons found, the intent, et cetera.” The majority arrives at a different conclusion and finds that the trial court abused its discretion in admitting, under Evidence Code section 1101, subdivision (b) (section 1101(b)), evidence of Jefferson’s possession of the Glock pistol in 2012, as well as the nine-millimeter firearm found in the Bentley’s trunk in 2013. I do not.

*510
Probative Value

The majority first discounts the relevance of the evidence. “ ‘Relevant evidence’ means evidence . . . having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action.” (Evid. Code, § 210.) Jefferson’s plea of not guilty put every element of the charged offenses at issue. (People v. Lindberg (2008) 45 Cal.4th 1, 23 [82 Cal.Rptr.3d 323, 190 P.3d 664].) I find it difficult to say that personal possession of another firearm (albeit in pieces) and ammunition within moments of Tedesco’s observations of Jefferson’s activities in and around the Bentley was not probative of whether Jefferson “had knowledge of the presence” of the firearm later found in that vehicle. (CALJIC Nos. 12.46, 16.470; see Pen. Code, §§ 25400, subd. (a)(1), 25850, subd. (a).) I would find the evidence was admissible as indicative of a common design, plan, or intent. (§ 1101(b).) The majority agrees that evidence of Jefferson placing a bag in the Bentley’s trunk in 2013 was relevant to his control over the vehicle, but argues that evidence of the bag’s contents has “no tendency in reason to prove or disprove control over the vehicle.” (Maj. opn., ante, at p. 506.) Perhaps true, but the trial court could nevertheless reasonably conclude that Jefferson’s placement of a firearm in the Bentley’s trunk in 2013 is probative of his knowledge of, and control of, the firearm found under the driver’s side floor mat of that same vehicle in 2012.[1]

Prejudicial Effect

I will assume, for purposes of this discussion, that the disputed evidence here was an “other act” subject to section 1101(b), even though neither incident involved evidence of a crime or civil wrong.[2] The trial court certainly treated it as such. Nevertheless, evidence relevant under section *511 1101(b) must be excluded only if probative value is substantially outweighed by the potential for undue prejudice (Evid. Code, § 352). Jefferson contends that evidence of other firearms posed a substantial danger of prejudice because a jury would be inclined to view those incidents of possession as evidence of criminal propensity and, as a result, view him as deserving of punishment regardless of his guilt on the counts charged. But the evidence presented here did not show other criminal offenses for which Jefferson was subject to punishment, or use of the firearms for any criminal purpose. Our Supreme Court has recognized that evidence of commission of other crimes has an inherent potential for prejudice, requiring “ ‘extreme caution’ ” in determining admissibility. (People v. Holt (1984) 37 Cal.3d 436, 451 [208 Cal.Rptr. 547, 690 P.2d 1207]; see People v. Lindberg, supra, 45 Cal.4th at pp. 22-23.) While still subject to Evidence Code section 352 analysis, I submit that the calculus is necessarily different if the “other act[s]” are not themselves wrongful. I disagree that evidence of weapons lawfully possessed by Jefferson and not connected to any actual violence would share the same inherent prejudice as evidence of wrongful conduct. The disputed evidence was certainly no more inflammatory than the evidence of the charged offense.
In assessing prejudice, we must remember that “[t]he prejudice which exclusion of evidence under Evidence Code section 352 is designed to avoid is not the prejudice or damage to a defense that naturally flows from relevant, highly probative evidence. ‘ [A]ll evidence which tends to prove guilt is prejudicial or damaging to the defendant’s case. The stronger the evidence, the more it is “prejudicial.” The “prejudice” referred to in Evidence Code section 352 applies to evidence which uniquely tends to evoke an emotional bias against the defendant as an individual and which has very little effect on the issues.’ ” (People v. Karis (1988) 46 Cal.3d 612, 638 [250 Cal.Rptr. 659, 758 P.2d 1189].) “Evidence is substantially more prejudicial than probative [citation] if, broadly stated, it poses an intolerable ‘risk to the- fairness of the proceedings or the reliability of the outcome.’ ” (People v. Waidla (2000) 22 Cal.4th 690, 724 [94 Cal.Rptr.2d 396, 996 P.2d 46].)
My colleagues would strike a different balance under Evidence Code section 352 than did the trial court. It would not have been unreasonable for the trial court to have reached a similar conclusion and excluded the evidence. I disagree, however, that it was required to do so. “ ‘Under the abuse of discretion standard, “a trial court’s ruling will not be disturbed, and reversal... is not required, unless the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice.” ’ ” (People v. Foster (2010) 50 Cal.4th 1301, 1328-1329 [117 Cal.Rptr.3d 658, 242 P.3d 105].) The decision made here by *512 the trial court in admitting the evidence was not arbitrary, capricious, or patently absurd, nor was it beyond the bounds of reason. (See People v. Osband (1996) 13 Cal.4th 622, 666 [55 Cal.Rptr.2d 26, 919 P.2d 640] [“[a] court abuses its discretion when its ruling ‘falls outside the bounds of reason’ ”].) In my view, no abuse of discretion has been shown.

 The People also argue that the fact Jefferson possessed legally registered guns—the nine-millimeter firearm found in the Bentley in 2013 and the Glock found on his person in 2012—demonstrated Jefferson’s knowledge of tlje registration requirement and, inferentially, his knowledge that the Sig Sauer found under the Bentley’s floor mat was stolen. The majority first dismisses the People’s contention that Jefferson’s possession of registered firearms was relevant to his knowledge that the gun at issue here was stolen as speculative, but then concedes such possession was “arguably relevant.” Since I would find the evidence admissible as to knowledge of the presence of the Sig Sauer in the Bentley on January 18, 2012, it is unnecessary to address this additional ground for admissibility.

 The majority cites People v. McCurdy (2014) 59 Cal.4th 1063, 1100 [176 Cal.Rptr.3d 103, 331 P.3d 265] for the proposition that an uncharged act under section 1101(b) need not be a criminal offense. In McCurdy, the Supreme Court found that evidence of the defendant’s prior sexual molestation of his sister, committed when he was under 14 years of age, was admissible under section 1101(b) as evidence of a “wrong or other act,” even if it would not qualify as a “crime” under Evidence Code section 1108. (McCurdy, at p. 1100.) Since McCurdy’s incestuous conduct was clearly a prior “wrong,” the court had no occasion to consider the scope of section 1101(b)’s application to “other act[s]” not criminal or otherwise wrongful.